UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                              Case No. 11-12902

REGINALD LAROSA, a/k/a
REGINALD LASOSA,                                HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 9)**

I.  Introduction

This is a student loan case.  Plaintiff, the United States of America (the government) is suing defendant Reginald Larosa a/k/a Reginald Larsosa, who is proceeding pro se, claiming that he defaulted on a government guaranteed student loan.  The government seeks a judgment in the amount of $108,258.78, representing the principle loan amount plus interest.  The government also seeks post-judgment interest and $350.00 in court costs.

Before the Court is the government's motion for summary judgment.  Defendant has not filed a response and the time for filing a response has passed.[1]  For the reasons that follow, the motion will be granted.

---

[1] The government filed its motion on September 23, 2011.  On that date, the Court issued an order requiring defendant to file a response on or before October 28, 2011.  (Doc. 10).  To date, no response has been filed.  (Doc. 10).  In light of defendant's failure to respond, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II.  Background

In 2001, defendant signed a promissory note to secure a Direct Consolidation Loan from the Department of Education.  The loan was disbursed on April 17, 2001 in the amount of $28,375.83 with a 8.25% yearly interest rate.

Defendant defaulted on the loan in 2002.  The government says that defendant owes the following as of March 11, 2011:[2]

>  Principle:   $60,207.06
>
>  Interest:    $48,051.72
>
>  Total:       $108,258.78

The government filed a complaint against defendant.  Defendant filed an answer, essentially contending that a judgment would cause an undue financial hardship.

III.  Analysis

Defendant has not responded to the government's motion.  That fact alone does not warrant summary judgment in the government's favor.  As the Court of Appeals for the Sixth Circuit has explained:

> [U]nder Rule 56(c), a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).  Although subsequent Supreme Court cases have redefined the movant's initial burden, see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the requirement that the movant bears the initial burden has remained unaltered. See Celotex, 477 U.S. at 325, 106 S.Ct. at 2553; Street v. J.C. Bradford, 886 F.2d 1472, 1479 (6th Cir.1989).  More importantly for all purposes,

---

[2]The government says this amount includes a credit of $747.64.

> the movant must always bear this initial burden regardless if an adverse party fails to respond. Adickes, 398 U.S. at 161, 90 S.Ct. at 1610; Kendall v. Hoover Co., 751 F.2d 171, 173–174 (6th Cir.1984); Felix v. Young, 536 F.2d 1126, 1135 (6th Cir.1976). In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

Carver v. Bunch, 946 F.2d 451, 454–55 (6th Cir. 1991); cf. Advisory Committee Note on 1963 Amendment to Subdivision (e) of Fed R. Civ. P. 56 (explaining that the amendment was not "designed to affect the ordinary standards applicable to the summary judgment motion," and that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented").

The government seeks summary judgment in its favor based on its claims that there are no genuine issues of material fact with respect to (1) the existence of the loan, (2) the amount that remains to be paid, or (3) defendant's obligation to pay it. To prevail on a claim of a defaulted student loan, the government must show that: (1) the defendant signed the note; (2) the government is the present holder of the note; and (3) the note is in default. See, e.g., U.S. v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001). Once the government establishes a prima facie case of student loan default, the burden then shifts to the defendant to produce evidence which proves the nonexistence, payment, discharge, or deferment of the obligation. United States v. Johnson, No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (citations omitted).

The government has met its summary judgment burden. Attached to the motion are documents which evidence the loan, defendant's repayment obligation, and defendant's default and indebtedness. As further explained in the government's papers,

3

defendant has no valid defenses to the government's claim.

IV.  Conclusion

Accordingly, for the reasons stated above, the government's motion for summary judgment is GRANTED.  The government shall submit a form of judgment in the amount of the loan, plus pre-judgment interest to date.

SO ORDERED.

           S/Avern Cohn
           AVERN COHN
           UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Reginald Larsosa, 30955 Hunters Drive, #23, Farmington Hills, MI 48334 on this date, December 7, 2011, by electronic and/or ordinary mail.

           S/Julie Owens
           Case Manager, (13) 234-5160